OPINION
Defendant-appellant Zeke Grigsby appeals from his conviction and sentence, in a judgment entered January 12, 2000, for Disrupting Public Service, for Abduction, and for Domestic Violence. Grigsby contends that the trial court erred by failing to grant his motion to withdraw his plea, filed January 13, 2000, that the trial court erred by failing to place his plea agreement on the record, and that the trial court erred by failing to put him on notice that it would deviate from the terms of that plea agreement.We conclude that Grigsby's claim that the trial court erred by failing to grant his motion to withdraw his plea, filed the day after his conviction and sentence, is not cognizable in an appeal from his conviction and sentence. We further conclude that his claims that the trial court failed to place the terms of the plea agreement on the record, and failed to put him on notice that it intended to deviate from the terms of that plea agreement, were not exemplified in the record. Accordingly, the judgment of the trial court is Affirmed.
 I
Grigsby was arrested and charged by indictment with Disrupting Public Services, Abduction and Domestic Violence. He went to trial before a jury on November 8, 1999. The next day, he tendered his plea of guilty to Abduction and Domestic Violence, and no contest to Disrupting Public Services. In exchange, the State recommended that a community control sanction be imposed with respect to the Abduction and Domestic Violence offenses, upon the condition that Grigsby "be accepted into a CBCF Program and have two years on his underlying sentence." With respect to the Disrupting Public Services offense, the State agreed to recommend that he receive a six-month sentence.
At the plea hearing, the trial court informed Grigsby that it would make the final determination of the proper sentence to impose — that it would consider the State's recommendation concerning sentence, but that it would not be bound by that recommendation. Grigsby informed the trial court that he understood that.
Grigsby's pleas were tendered and accepted, and he was found guilty as charged. On January 12, 2000, following a sentencing hearing, the trial court imposed a sentence of four years for the Abduction offense, six months for the Domestic Violence offense, and seventeen months for the Disrupting Public Services offense, to be served concurrently, for a total effective sentence of four years.
The next day, Grigsby filed a motion to withdraw his plea. Our record does not reveal any disposition of that motion.
Grigsby appeals from his conviction and sentence.
 II
Grigsby's First Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GIVE DUE CONSIDERATION TO DEFENDANT-APPELLANT'S MOTION TO WITHDRAW PLEAS, WHEN IT DECLINED TO HAVE A HEARING ON SUCH MOTION AND, CONSEQUENTLY, WHEN IT DID NOT ALLOW DEFENDANT-APPELLANT TO WITHDRAW HIS PLEAS.
Grigsby's notice of appeal is as follows:
 Now comes defendant, Zeke Timothy Grigsby, by and through counsel, and hereby appeals to the Court of Appeals of Greene County, Ohio, Second Appellate District, from the judgment of the Common Pleas Court, a copy of which is attached hereto and incorporated herein, filed on January 12, 2000.
 Grigsby has invoked the jurisdiction of this court to review his judgment of conviction, entered January 12, 2000. Any claim that the trial court may have erred with respect to his subsequent motion to withdraw his plea is not cognizable in an appeal from his conviction and sentence.
Grigsby's First Assignment of Error is overruled.
 III
Grigsby's Second Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PLACE THE PLEA AGREEMENT ON THE RECORD.
 Grigsby contends that the trial court failed to comply with Crim.R. 11(F), which provides as follows:
 When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.
 We have reviewed the transcript of the hearing at which Grigsby's pleas were tendered, on November 10, 1999. At page 4 thereof, the trial court made the following statement:
 Paragraph 19 in Case No. 99-CR-32 indicates that there is a plea agreement in your case. It reads, in return for the Defendant's pleas of guilty to Counts I and II as charged in Case No. 99-CR-32, the State recommends the Defendant be granted community control on the condition that he be accepted into a CBCF Program and have two years as an underlying sentence.
 In regard to Case No. 99-CR-422, Paragraph 14 of that Petition, it reads, in return for the Defendant's plea of no contest to Count I in Case No. 99-CR-422, the State recommends the Defendant receive a six-month sentence.
 The record then reflects that the trial court asked Grigsby if that was his understanding "of any plea agreement in your cases," to which Grigsby responded in the affirmative.
The record also reflects that in each of the underlying cases in the trial court, Grigsby filed a petition to enter a plea, and that in each of these documents, the State's undertaking to recommend a penal sanction is reflected, consistently with the statements by the trial court quoted above. Thus, the record reflects that there was a plea agreement, and that it was put upon the record.
Grigsby's Second Assignment of Error is overruled.
 IV
Grigsby's Third Assignment of Error is as follows:
 DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE TRIAL COURT FAILED TO PUT HIM ON NOTICE THAT IT WOULD DEVIATE FROM THE AGREED UPON SENTENCE OR OTHER TERMS OF THE AGREEMENT BEFORE HE ENTERED HIS PLEAS AND WHEN IT FAILED TO GIVE HIM THE OPPORTUNITY TO CHANGE OR WITHDRAW HIS PLEAS WHEN HE RECEIVED NOTICE THEREOF.
 Grigsby misapprehends the nature of the plea bargain. The State undertook to recommend sanctions with respect to each of the offenses to which Grigsby pled, and the State fulfilled its end of the bargain.
The trial court was not bound by the State's recommendation, and the trial court informed Grigsby, at the plea hearing, that it would not be bound by the State's recommendation. The trial court informed Grigsby that it, and it alone, would decide what sentence to impose, and that, while it would consider the State's recommendations, it would not be bound by them.
In this regard, Grigsby's case is distinguishable from City of Warrenv. Cromley (January 20, 1999), Trumbull App. No. 97-T-0213, unreported, upon which Grigsby relies. In that case, the court was concerned with whether the accused was put on notice that the trial court might deviate from the recommended sentence or other terms of the plea agreement before the accused entered his plea, and whether the accused was given an opportunity to change or withdraw his plea when he received this notice. There was no indication, in that case, that the defendant was told, at the time his plea was tendered and accepted, that the trial court would not be bound by the prosecution's sentence recommendation. In the case before us, the trial court informed Grigsby in no uncertain terms, at the sentencing hearing, that it would not be bound by the State's sentencing recommendations.
Grigsby's Third Assignment of Error is overruled.
 V
All of Grigsby's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.